## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MYKOLA STRIMCHUK,

      Plaintiff,

v.                                  Case No. 3:25-cv-736-MMH-SJH

GREAT AMERICAN INSURANCE
COMPANY,

      Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court on Great American's Motion to Dismiss (Doc. 2; Motion), filed June 30, 2025. In the Motion, Great American Insurance Company seeks dismissal of the claims in Mykola Strimchuk's Complaint (Doc. 6; Complaint), filed June 30, 2025, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). Strimchuk responded to the Motion in his Objections to Defendant's Motion to Dismiss (Doc. 20; Response), filed August 19, 2025. Accordingly, this matter is ripe for the Court's consideration.

## I.    Background[1]

On July 14, 2018, Triumph Foods, LLC (Triumph) hired Strimchuk to deliver its products to Cisco Foods. Complaint ¶¶ 1–2. Before Strimchuk loaded

_____

[1]    In considering a motion to dismiss, the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and

his trailer with Triumph's goods, Triumph inspected the trailer and determined that it was in excellent condition. Id. ¶ 1. The next day, July 15, 2018, Strimchuk performed the delivery. Id. ¶ 2. As the trailer was being unloaded, Strimchuk saw that his trailer and some of his pallets were damaged. Id. ¶¶ 2–3.

Sometime after he realized that his trailer was damaged, Strimchuk took the trailer to Thermo King to obtain a damage estimate. Id. ¶ 5. Thermo King provided Strimchuk an estimate of $6,849.07 to complete the repairs. Id.

Strimchuk opened a claim with his insurer, Great American, and provided Thermo King's estimate. Id. A Great American insurance representative, Jason Link, advised Strimchuk that the estimate was too high and that a Great American adjuster[2] would inspect the damage and make a new estimate. Id. ¶ 6. Apparently concerned because Great American would not cover his lost income while he waited for the adjuster, Strimchuk attempted to repair the hole inside his trailer himself. Id. ¶ 8. Also, while waiting for the adjuster, the "trailer was damaged a second time at [sic] Cold Storage Facility[.]" Id. ¶ 7. Strimchuk asserts that Mr. Link tried to add the new damage

accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

[2]    In the Complaint, Strimchuk uses the terms "adjuster" and "appraiser" interchangeably. See, e.g., Complaint ¶ 7. For consistency, the Court will simply refer to the person in this role as the "adjuster."

to Strimchuk's existing case with Great American, but, apparently, he was unsuccessful. Id. ¶ 9.

A few weeks after Great American inspected the trailer, Strimchuk "received information from the insurance adjuster that" Great American would pay $521.63 for the repairs, with his $500 deductible. Id. ¶ 10. On October 10, 2018, Great American issued a check for $21.63, id. at 11 (photocopy of check), and sent it to Strimchuk, id. ¶ 11.

Also on October 10, 2018, Strimchuk took the trailer to be repaired at a Great Dane trailer dealership. Id. ¶ 12. Great Dane told Strimchuk that the amount he received from Great American would only cover the cost of patching the holes in his trailer. Id. ¶¶ 12–13. To repair the entire trailer, Great Dane estimated that it would cost $3,995.99 (excluding the costs of parts and delivery). Id. ¶ 13. That same day, Strimchuk contacted Great American to see if it knew about the $3,995.99 estimate. Id. ¶ 14. On October 20, 2018, Great American responded to Strimchuk's inquiry and explained how it reached its $521.63 estimate. Id. ¶ 15. Strimchuk then rejected and returned the $21.63 check that Great American had sent to him. Id. ¶ 18. On December 3, 2018, Mr. Link sent a letter to Strimchuk closing his claim. Id. at 7. In the letter, Mr. Link

told Strimchuk that he could reopen the claim by having his own adjuster contact Mr. Link. Id.

Nearly seven years later, in February 2025, Strimchuk contacted the "Insurance Regulation Company" about the damage his trailer sustained in 2018. Id. ¶ 19. Strimchuk explains that he was told he needed to "recalculate the estimate and send it to" Great American. Id. Strimchuk did so in March of 2025, obtaining a new damage estimate of $6,269.85 and sending it to Todd McKenzie, a Great American manager. Id. ¶¶ 20, 23. Before Strimchuk sent the new damage estimate, he discovered that Great American opened a separate claim for the additional damage to his trailer in 2018. Id. ¶ 21. Strimchuk asserts he was never advised of that claim for property damage valued at $2,134.53. Id. On March 26, 2025, Strimchuk contacted Mr. McKenzie to discuss his claims. Id. ¶ 23. Mr. McKenzie advised that Great American would not make payment on his claims. Id. As a result, Strimchuk's trailer is still damaged today. Id. ¶ 22.

On June 2, 2025, Strimchuk filed a pro se Complaint in Florida's Seventh Judicial Circuit Court, in and for St. John's County, alleging breach of contract. Id. at 1. Great American removed the case to this Court, see Notice of Removal (Doc. 1), and moved to dismiss Strimchuk's Complaint under Rule 12(b)(6),

Federal Rules of Civil Procedure, arguing that the action is barred by the applicable statute of limitations, <u>see generally</u> Motion.

## II.    Legal Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal[]") (citations and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678–79. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[,]'" Alford v. Consol. Gov't of Columbus, 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Ordinarily, "[a] statute of limitations bar is an affirmative defense[.]" Wainberg v. Mellichamp, 93 F.4th 1221, 1224 (11th Cir. 2024) (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. at 563, 570). And "a plaintiff is not required to negate an affirmative defense in [his] complaint." Id. (quoting La Grasta, 358 F.3d at 845) (internal quotation omitted). As such, a Rule 12(b)(6) "dismissal on statute-of-limitations grounds is proper only where it is 'apparent from the face of the complaint that the claim is time-barred.'" Id. (quoting La Grasta, 358 F.3d at 845 and citing Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1304 (11th Cir. 2020)). In the Complaint, Strimchuk asserts a breach of contract claim under Florida law. See generally Complaint. Specifically, he asserts a breach of contract by the insurer of his trailer. See id. Under Florida law, "an action for breach of a property insurance contract[]" must be brought within five years, "with the period running from the date of the loss." Fla. Stat. § 95.11(2)(e).

## III.   Discussion

Here, Great American argues that the Complaint is due to be dismissed because the face of the Complaint shows that Strimchuk filed suit "approximately seven years after the date of the loss." See Motion at 5. Viewing the allegations in the Complaint in the light most favorable to Strimchuk, he asserts that he suffered two losses. The first occurred on July 15, 2018, when

his trailer and pallets were damaged. <u>See</u> Complaint ¶¶ 2–3. The second occurred on an unspecified day in October 2018, when his trailer suffered additional damage "at Cold Storage Facility." <u>Id.</u> ¶ 7. Thus, in the Complaint, Strimchuk makes clear that the losses occurred in 2018 and that he was aware of the losses in 2018 as he made a claim regarding the July 2018 damage in 2018, <u>see id.</u> ¶ 5, and he advised the Great American adjuster of the October 2018 damage in 2018, <u>see id.</u> ¶ 7. Consequently, the time to file Strimchuk's lawsuit began running in 2018 and concluded in 2023. Thus, it is plain on the face of the Complaint that Strimchuk's lawsuit—initiated in June 2025—is time-barred.

In his Response, Strimchuk does not dispute this timeline. Instead, he appears to argue that his lawsuit is not time-barred because he contacted Great American regarding his 2018 losses in March 2025. However, he cites no authority to support the proposition that this later communication—sent after the statute of limitations expired—revives his claims. To the contrary, the plain language of Section 95.11(2)(e) provides that the limitations period runs "from the date of the loss." Fla. Stat. § 95.11(2)(e). Strimchuk's decision to revisit the denial of his claims in 2025, or even to reassert the claims, does nothing to alter the "date[s] of the loss[es,]" which undisputably occurred in 2018. Communicating with Great American about a past loss does not constitute a new loss. As such, it is apparent from the face of the Complaint that the five-

year statute of limitations expired nearly two years before Strimchuk filed this lawsuit. The Motion is therefore due to be granted.

The Court notes that, in general, "a pro se plaintiff must be given at least one chance to amend" a complaint before a district court dismisses it with prejudice. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018)) (alteration adopted). Nonetheless, leave to amend is not warranted "if a more carefully drafted complaint could not state a claim." Id. at 1133 (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002)). Given that Strimchuk's claims are barred by the applicable statute of limitations, the Court concludes that a more carefully drafted complaint would still fail to state a claim. Indeed, in responding to Great American's Motion, Strimchuk had the opportunity to suggest any basis for avoiding the statute of limitations bar. He identified none. As such, leave to amend is not warranted, and the Complaint is due to be dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, the Motion is due to be granted. Strimchuk's Complaint will be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. Great American's Motion to Dismiss (Doc. 2) is **GRANTED**.

2. Mykola Strimchuk's Complaint (Doc. 6) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court is **DIRECTED** to enter judgment, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of December, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc36

Copies to:

Counsel of Record
Pro Se Party